UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GARVEY BAZILE,

        Petitioner,

v.                                   Case No:  6:18-cv-2175-Orl-28LRH

SECRETARY, DEPARTMENT OF
CORRECTIONS and ATTORNEY
GENERAL, STATE OF FLORIDA,

        Respondents.
_____/

## ORDER

This cause is before the Court on Petitioner Garvey Bazile's Petition for Writ of Habeas Corpus ("Petition," Doc. 1) filed pursuant to 28 U.S.C. § 2254.  Respondents filed a Response to the Petition ("Response," Doc. 17) in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts*.  Petitioner filed a Reply (Doc. 23) to the Response.  Petitioner asserts five grounds for relief. For the following reasons, the Petition is due to be denied.

                **I.**       **PROCEDURAL BACKGROUND**

The State of Florida charged Petitioner by second amended criminal information with carjacking with a deadly weapon, a firearm (Count One), aggravated assault with a firearm (Count Two), fleeing or attempting to elude (Count Three), and possession of a firearm by a convicted felon (Count Four).  (Doc. 18-1 at 69-70).  A jury found Petitioner guilty of all counts.  (*Id*. at 145-48).  The trial court adjudicated Petitioner guilty of the

crimes and sentenced him to life imprisonment as to Count One, imprisonment for a term of fifteen years as to Count Two, imprisonment for a term of thirty years as to Count Three, and imprisonment for a term of fifteen years as to Count Four, with the sentences to run concurrently.  (*Id*. at 149, 171-76).  Petitioner filed a direct appeal with Florida's Fifth District Court of Appeal ("Fifth DCA"), which affirmed *per curiam*.  (*Id*. at 487).

Petitioner next filed a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800, which the trial court granted in part and denied in part.  (*Id*. at 493-95, 504-07).  The trial court granted the motion to the extent that the sentence for Count 2 was corrected to reflect a sentence of five years' imprisonment with a five-year minimum mandatory as a prison releasee reoffender and a three-year minimum mandatory for possession of a firearm.  The Fifth DCA affirmed *per curiam*.  (*Id*. at 524).

Petitioner then filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, raising five claims.  (Doc. 18-2 at 32-52).  The trial court entered an order scheduling an evidentiary hearing as to Claims Two and Three, denying Claim Four, and reserving ruling on Claims One and Five.  (*Id*. at 172-77).  After the evidentiary hearing, the trial court entered an order denying Claims One, Two, Three, and Five.  (*Id*. at 237-40).  Petitioner appealed the denial, specifically challenging the denial of Claim Two.  (*Id*. at 346-54).  The Fifth DCA affirmed *per curiam*.  (*Id*. at 389).

## II.   LEGAL STANDARDS

**A.   Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")**

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Sec'y for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001) quoting *Williams*:

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams,* 529 U.S. at 412-13.  Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable."[1]  *Parker,* 244 F.3d at 835.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in the light of the evidence presented in the State court proceeding."  A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

**B.    Standard for Ineffective Assistance of Counsel**

To prevail on an ineffectiveness claim, the petitioner must satisfy the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984).  First, the petitioner must demonstrate that counsel's performance was deficient.  To meet this prong, the petitioner must show that counsel made errors so serious that he was not functioning as counsel guaranteed by the Sixth Amendment.  *Id*. at 687.  There is a strong presumption that counsel's conduct fell within the range of reasonable professional assistance, and, consequently, counsel's performance is deficient only if it falls below the wide range of

---

[1] In considering the "unreasonable application" inquiry, the Court must determine "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams*, 529 U.S. at 409. Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*).

4

competence demanded of attorneys in criminal cases. *Id*. at 689. Next, the petitioner must demonstrate that prejudice was suffered as a result of that performance. *Id*. at 687. Prejudice is established when there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011).

A habeas petitioner claiming ineffective assistance of counsel must carry his burden on both *Strickland* prongs, and a court need not address both prongs if the petitioner has made an insufficient showing on one. *See Strickland,* 466 U.S. at 697; *Johnson v. Alabama*, 256 F.3d 1156, 1176 (11th Cir. 2001). Moreover, "[t]he standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." *Harrington,* 562 U.S. at 105 (internal quotation marks and citations omitted).

### III.   ANALYSIS

#### A.   Claims One, Three, Four, and Five

Petitioner alleges as follows:  counsel was ineffective for failing to "move to sever or bifurcate Count Four" of the second amended information (Claim One); counsel was ineffective for failing "to object to the trial court's erroneous belief that he had to sentence the petitioner to the maximum sentence on Counts Three and Four" (Claim Three); counsel was ineffective for failing "to undermine the State's fingerprint expert" (Claim

5

Four); and counsel's cumulative errors entitle him to federal habeas relief (Count Five) (Doc. 1 at 5-8, 13-14, 16-22).

These claims were raised in Petitioner's Rule 3.850 motion and were denied. However, Petitioner did not raise Claims One, Three, Four, and Five in the appeal of the denial of his Rule 3.850 motion. Exhaustion requires that an appeal be taken from the denial of a post-conviction motion. *See Leonard v. Wainwright*, 601 F.2d 807, 808 (5th Cir. 1979); *Thompson v. Tucker*, No. 5:10CV186/MCR/EMT, 2012 WL 2891272 at *9 (N.D. Fla. June 12, 2012) ("to obtain appellate review of the federal claims raised in his summarily denied Rule 3.850 motion, he was required to raise and fully address the merits of those issues in his appellate brief."). Any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine because a second appeal is unavailable, and any further attempt to raise the claims in another Rule 3.850 motion would be subject to dismissal as successive. *See* Fla. R. Crim. P. 3.850(f).

Procedural default may be excused if the petitioner establishes (1) cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error, or (2) a fundamental miscarriage of justice, meaning actual innocence. *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011). In the present case, Petitioner has not shown the requisite cause and prejudice to excuse his procedural default. Nor has Petitioner established a "fundamental miscarriage of justice." Consequently, Claims One, Three, Four, and Five are procedurally barred and denied.

    B.    **Claim Two**

Petitioner argues that counsel was ineffective for failing "to raise Petitioner's incompetency prior to Petitioner's trial." (Doc. 1 at 10). Petitioner states that he had been diagnosed with various mental health issues in the past and that he notified counsel that "his mental deficiency had actually been deteriorating while the Petitioner had been awaiting trial in the county jail, especially since this Petitioner had not been taking his prescribed medication." (*Id*. at 10-11). This claim was raised in Petitioner's Rule 3.850 motion, and the trial court held an evidentiary hearing on the claim. The trial court denied the claim, determining that "[b]ased upon the evidence presented at the hearing, there was no reason for either of the Defendant's trial counsel to question his competency." (Doc. 18-2 at 239).

At the evidentiary hearing, Stuart Bryson, an assistant public defender who represented Petitioner, testified that during the course of his representation, his discussions with Petitioner were lucid and Petitioner never behaved in a manner that caused him to question Petitioner's mental health. (*Id.* at 289-91, 298). Bryson further testified that Petitioner understood their conversations and never manifested any symptoms that caused him to believe that Petitioner either did not understand their interactions or that his understanding was limited. (*Id*. at 291). Bryson also testified that Petitioner never informed him of his mental health issues or that he was previously found to be incompetent in an Orange County case. (*Id*. at 294). Bryson asked Timothy Caudill, another assistant public defender, to handle Petitioner's trial because Bryson's wife was having a baby. (*Id*. at 298).

7

Caudill testified that Petitioner provided no indication that he had mental health issues. (*Id*. at 256-57). Caudill stated that Petitioner was "very vocal and active in conversations" during the trial and that Petitioner discussed with him specific issues during the testimony of witnesses. (*Id*. at 260-62). Caudill further testified that he "never had any sense from Mr. Bazile or any knowledge about Mr. Bazile or any interaction with Mr. Bazile that led me to think that that was an issue that needed to be explored or ask the Court for an evaluation, which normally is the way we do competency evaluations." (*Id*. at 262).

Petitioner testified that he did inform Bryson about his mental health issues. (*Id*. at 307). He also testified that he was found to be incompetent in an Orange County case in 2005 but was later found to be competent by Dr. Danziger on more than one occasion. (*Id*. at 309-10).

The trial court "weighed the credibility of the testimony at the evidentiary hearing, and after observing the demeanor of the witnesses, [it] accept[ed] the facts as testified to by Attorneys Bryson and Caudill." (*Id*. at 239). "Determining the credibility of witnesses is the province and function of the state courts, not a federal court engaging in habeas review. Federal habeas courts have no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them." *Consalvo v. Sec'y for Dep't of Corr.*, 664 F.3d 842, 845 (11th Cir. 2011) (citation omitted) (quotation omitted).

"Questions whose resolution depend heavily on the trial court's appraisal of witness credibility and demeanor are deemed questions of fact" *Saldo v. Crosby*, 162 F. App'x 915, 916 (11th Cir. 2006), and the Court must defer to the state court's finding of fact. 28 U.S.C. § 2254(e)(1). The AEDPA "affords a presumption of correctness to a factual determination made by a state court; the habeas petitioner has the burden of overcoming the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)." *Consalvo*, 664 F.3d at 845. Here, Petitioner presents no basis for rejecting the state court's credibility determination and related findings, and he fails to overcome the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Based on the evidence presented at the evidentiary hearing, there was no reason for either Bryson or Caudill to question Petitioner's competency. Moreover, Petitioner has failed to present any evidence to establish that he was incompetent at the time of the trial or that there is a reasonable probability that a mental health evaluation would have revealed that Petitioner was incompetent at the time of the trial. *See Alexander v. Dugger*, 841 F.2d 371, 375 (11th Cir. 1988) ("In order to demonstrate prejudice from his lawyer's failure to have him evaluated, [defendant] has to show that there was at least a reasonable probability that a psychological evaluation would have revealed that he was incompetent to stand trial.").

Petitioner has failed to demonstrate that counsel performed deficiently with regard to this matter or that he sustained prejudice. The state court's rejection of this claim was not contrary to *Strickland*, did not involve an unreasonable application of

9

*Strickland*, and was not based on an unreasonable determination of the facts.  Petitioner is not entitled to federal habeas relief on Claim Two.

Allegations not specifically addressed herein are without merit.

### IV.  CERTIFICATE OF APPEALABILITY

This Court should only grant an application for a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). However, the petitioner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner fails to demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner fails to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

### V.  CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

2. This case is **DISMISSED with prejudice**.

3. Petitioner is **DENIED** a certificate of appealability in this case.

4. The Clerk of the Court is directed to enter judgment in favor of Respondents and to close this case.

**DONE** and **ORDERED** in Orlando, Florida on July 10th, 2020.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Party